NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT BELCASTRO and PATRICIA BELCASTRO,<br><br>Plaintiffs,<br><br>v.<br><br>SIMPLEX HOMES, INC., *et al.*,<br><br>Defendants. | No. 24cv2157 (EP) (JSA)<br><br>**OPINION** |

**PADIN, District Judge.**

Plaintiffs Vincent Belcastro and Patricia Belcastro allege fraud and breach of contract in connection with their construction of a modular home. D.E. 30 ("Amended Complaint" or "Am. Compl."). Plaintiffs move for default judgment against Defendants Gregory Peters ("Peters") and Mariotti Building, Products, Inc. ("Mariotti") pursuant to Fed. R. Civ. P. 55(b)(2). D.E. 45 ("Motion" or "Mot.").[1] The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Court will **DENY** Plaintiffs' Motion.

**I.     BACKGROUND**[2]

The allegations in the Amended Complaint are difficult to discern, but the gravamen of the dispute centers around uncompleted or deficient work on construction of a modular home.

---

[1] The other Defendants in this case are Cornerstone Buildings Brands, Inc. ("Cornerstone"), Simplex Homes, Inc. ("Simplex"), and Apple Buildings Systems, Inc. ("Apple"). Am. Compl.
[2] Following the entry of default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Therefore, the facts are based on well-pled allegations in the Amended Complaint. Local Rule 7.1(d)(4) permits a party to, instead of filing a brief, file a "statement that no brief is necessary and the reasons therefor." *See* L. Civ. R. 7.1(d)(4). Plaintiffs have complied with this rule. D.E. 45-3.

Plaintiffs entered into a contract with Defendant Apple, owned by Defendant Peters, to construct a modular home. Am. Compl. at 2. Plaintiffs were introduced to Defendant Apple through Defendant Simplex, and were instructed by Defendant Simplex to purchase the home via a Modular Home Purchase Agreement. *Id.* Plaintiffs aver that Defendant Apple "was never responsible for building the home, obtaining permits, or framing." *Id.* at 3. They allege that they were induced to enter into the agreements upon the representation of Defendants Apple, Peters, and Simplex. *Id.* However, there were substantial delays and defects with construction, in alleged breach of the agreement. *Id.* Defendants Mariotti and Cornerstone were intermediaries in providing replacement windows for the home to prevent delays. *Id.* at 3.

## II.     PROCEDURAL HISTORY

Plaintiffs initiated this action on March 8, 2024. D.E. 1. Plaintiffs filed a certificate of service on June 10, 2024, purporting to demonstrate the effectuation of service on Defendant Peters. D.E. 4. After Defendant Peters, among other Defendants, failed to appear, and the time to answer expired, the Court ordered Plaintiffs to request an entry of default. D.E. 9. On July 18, 2024, the Court granted Plaintiffs' requested extension of time to request entry of default against Defendant Peters. D.E. 22. Plaintiffs then filed a motion requesting entry of default and default judgment against Defendant Peters. D.E. 20. The Clerk of Court entered default against Defendant Peters on July 22, 2024.

Plaintiffs' Amended Complaint followed, and the Court denied the previous motion for default judgment, D.E. 20, as moot, because the Amended Complaint became the operative pleading. D.E. 43. The Motion followed, which again requested both an entry of default and default judgment against Defendant Peters. Mot.

III. **LEGAL STANDARD**

Courts may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Although cases should be decided on their merits where practicable, default judgment is "largely a matter of judicial discretion." *Id.* Courts accept the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Id.* at 535-36 (internal citations omitted).

Courts must determine: "(1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a legitimate cause of action, and (3) whether the circumstances otherwise render the entry of default judgment 'proper.'" *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. 2018) (quoting *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012)).

IV. **ANALYSIS**

As a threshold matter, it appears Plaintiffs mistakenly named Defendant Mariotti in the Motion. A 60-day order administratively terminating the action as to Defendant Mariotti was entered on December 6, 2024 per the parties' representation of a settlement. D.E. 41. Accordingly, the Motion is **DENIED** as **MOOT** as to Defendant Mariotti.

Moreover, it appears that that the Motion is procedurally defective. On January 7, 2025, Plaintiffs moved for "entry of default" as well as for default judgment in the Motion. Mot. The

3

Clerk entered default as to Defendant Peters the next day, January 8, 2025. However, the Federal Rules mandate that "*[a]fter* an entry of default is entered pursuant to Rule 55(a), the plaintiff may seek the court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." *Paris v. Pennsauken Sch. Dist.*, No. 12-7355, 2013 WL 4047638, at *2 (D.N.J. Aug. 9, 2013) (emphasis added) (citing *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 (3d Cir. 2006)). Nevertheless, the Court will deny the Motion for independent reasons, explained *infra*.

      A.     **Service is Improper as to Defendant Gregory Peters**

In determining the propriety of default judgment, courts must first determine whether service is proper. *Matos*, 133 F. Supp. 3d at 683.

*First*, the docket does not reflect any effort to serve the Amended Complaint on Defendant Peters. *See* Dkt. "Although the Federal Rules provide that '[n]o service [of an Amended Complaint] is required on a party who is in default for failing to appear,' the Rules require service on a party in default where the pleading 'asserts a new claim for relief against [that party].'" *Syder v. Express Servs., Inc.*, No. 20-11013, 2023 WL 3394709, at *1 (D.N.J. May 11, 2023) (quoting Fed. R. Civ. P. 5(a)(2)). The original complaint pled violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.* ("NJCFA"), and fraud. D.E. 1. The Amended Complaint disposed of the RICO counts, re-pleaded the NJCFA and fraud counts, and *added* a breach of contract count. Am. Compl. Therefore, the Court must **DENY** the Motion as Plaintiffs did not properly serve the Amended Complaint in compliance with Fed. R. Civ. P. 5.

*Second*, even if Plaintiffs did not need to re-serve Defendant Peters, service of the original complaint was deficient. Fed. R. Civ. P. 4(e) sets forth how to properly serve individuals:

4

> [A]n individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

The certificate of service Plaintiffs filed with the Court indicates that the process server delivered "the documents to Gregory Peters with identity confirmed by owner [A]lexandra." D.E. 4 at 4. The certificate further states that the individual who accepted service was "Alexandra Shrewsbury. She stated she is the owner of the business and is the person authorized to receive these papers." *Id.* It is not clear to the Court what "business" Ms. Shrewsbury owns and how she is authorized to receive service of process on behalf of Defendant Peters as an *individual*, pursuant to Fed. R. Civ. P. 4(e)(C). Even if the business mentioned in the certificate were Defendant Apple, the Amended Complaint alleges that *Defendant Peters* is the owner of the company. Am. Compl. at 2. Accordingly, service does not appear proper, and the Court will deny the Motion on this independent basis.

**B.    Defendant Apple Will be Dismissed for Plaintiffs' Failure to Prosecute**

The Court also *sua sponte* addresses Plaintiffs' failure to comply with various of the Court's Orders with respect to Defendant Apple.

Plaintiffs initiated this action on March 8, 2024. D.E. 1. On July 16, 2024, Plaintiffs sought, and were granted, an extension of time until July 19, 2024 to request entry of default against Defendant Apple to confirm service against it. D.E. 22. On July 19, 2024, Plaintiffs moved

5

for default judgment against Defendants Peters and Mariotti, but not Apple. D.E. 20. No proof of service as to Defendant Apple was filed on the docket at that time.

Plaintiffs then filed the Amended Complaint on September 5, 2024. Am. Compl. On December 10, 2024, the Court denied the previous motion for default judgment, D.E. 20, as moot, because the Amended Complaint became the operative pleading. D.E. 43. On December 10, 2024, the Court also addressed Plaintiffs' letter, D.E. 40, indicating that default judgment was pending against Defendant Apple. D.E. 43. However, the Court noted that "there is neither proof of service filed on the docket nor any entry of default entered against Defendant Apple" and ordered Plaintiffs to file proof of service as to Defendant Apple and seek a clerk's entry of default thereafter. *Id.* When Plaintiffs failed to timely do so, on January 7, 2025, the Court again ordered Plaintiffs to file proof of service as to Defendant Apple or risk dismissal of the case against it for lack of prosecution. D.E. 44. Plaintiffs' Motion followed, but they neither filed proof of service as to Defendant Apple nor requested the Clerk enter default against it. *See* Dkt.

Federal Rule of Civil Procedure 41(b) permits dismissal of claims for failure to prosecute. Whether dismissal for failure to prosecute is appropriate is assessed against the *Poulis* factors. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984); *United States v. Brace*, 1 F.4th 137, 143 (3d Cir. 2021) (Third Circuit "typically require[s] district courts to analyze the *Poulis* factors before imposing sanctions of dismissal or default judgment or their functional equivalent"). Those factors are:

> (1) the extent of the *party*'s personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

6

*Poulis*, 747 F.2d at 868 (emphasis in original).

The Court, having considered all factors, finds that dismissal of the Amended Complaint as to Defendant Apple is appropriate.

Plaintiffs bear full responsibility for repeatedly defying this Court's Orders to file proof of service as to Defendant Apple. *See, e.g.*, D.E.s 22, 43, 44; *Poulis*, 747 F.2d at 868. The first factor, personal responsibility, is met. The second factor, prejudice to the adversary, is also met for similar reasons. *Poulis*, 747 F.2d at 868. While the case has progressed against other Defendants—namely those who have settled the matter with Plaintiffs—Plaintiffs' failure to "comply with this Court's orders have stymied the forward progress of the litigation" as to Defendant Apple. *Blue Star Equity Holdings, LLC v. All Med. Mgmt., LLC*, No. 22-5215, 2024 WL 4250546, at *2 (D.N.J. July 18, 2024), *report and recommendation adopted*, 2024 WL 4250596.

Plaintiffs have also demonstrated a history of dilatoriness, again, with respect to Defendant Apple, and not the remaining Defendants. *Id.*[3] Therefore, the third factor is met. The fourth factor, willfulness or bad faith, is neutral, because Plaintiffs have at times indicated an interest in prosecuting this case against Defendant Apple and intimated difficulty in effectuating service against it. *Id.* As to the fifth factor, "[t]he record of unresponsiveness suggests that alternative sanctions would be futile. Despite several chances, and despite warnings as to the consequences of their continued inaction, plaintiffs have failed to participate in and prosecute the case." *Id.* at *3. The fifth factor is therefore met. The sixth factor, the meritoriousness of the claims, is neutral, because the Court opts not to engage in a merits analysis of the claims at this stage. *See id.* On

---

[3] The Court also notes that Plaintiffs failed to effectuate service of the Amended Complaint on Defendant Apple, for the same reasons described *supra*, Section IV.A. Even assuming *arguendo* that Plaintiffs believed they properly served Defendant Apple by serving its owner, Defendant Peters, they were still required to re-serve the Amended Complaint, as it asserts a new claim or relief. *Syder*, 2023 WL 3394709, at *1.

balance, the factors favor dismissal. Dismissal may be appropriate, like here, even where all *Poulis* factors are not met. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). Accordingly, the Amended Complaint will be **DISMISSED** *without prejudice* for failure to prosecute against Defendant Apple.

## V.    CONCLUSION

For the above reasons, the Court will **DENY** Plaintiffs' Motion, D.E. 45. The Court will also **DISMISS** *without prejudice* the Amended Complaint against Defendant Apple for failure to prosecute. An appropriate Order accompanies this Opinion.

Dated: August 11, 2025

Evelyn Padin, U.S.D.J.

8